**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| In re: ) | |
| ) | |
| Andrew Douglas, ) | Case No. 06-41051 |
| ) | |
| Debtor. ) | |

## **MEMORANDUM ORDER**

This case was filed by the Debtor's daughter, Letitia Douglas, on behalf of the Debtor, Andrew Douglas, pursuant to a "Durable Power of Attorney" executed in accordance with Missouri law. Creditor MHC Group, Inc. ("MHC") contends that the case should be dismissed because the Durable Power of Attorney does not specifically grant Ms. Douglas the power to file bankruptcy for her father. The Court disagrees.

State law determines who has the authority to file a bankruptcy petition on behalf of another. *In re Kjellsen* (*Wieczorek v. Woldt*), 53 F.3d 944 (8th Cir. 1995). The scope of an attorney in fact's authority is governed by Missouri Revised Statute § 404.710, which provides in pertinent part:

> If the power of attorney states that general powers are granted to the attorney in fact and further states in substance that it grants power to the attorney in fact to act with respect to all lawful subjects and purposes or that it grants general powers for general purposes or does not by its terms limit the power to the specific subject or purposes set out in the instrument, then the authority of the attorney in fact acting under the power of attorney shall extend to and include each and every action or power which an adult who is nondisabled and nonincapacitated may carry out through an agent specifically authorized in the premises, with respect to any and all matters whatsoever, except as provided in subsections 6 and 7 of this section. When a power of attorney grants general powers to an attorney in fact to act with respect to all lawful subjects and purposes, the enumeration of one or more specific subjects or purposes does not limit the general authority granted by that power of attorney, unless otherwise provided in the power of attorney.

In this case, the Durable Power of Attorney executed by the Debtor granted Ms. Douglas the power to act for him "with GENERAL POWERS AND AUTHORITY IN ALL PARTICULARS AND FOR ALL PURPOSES." (emphasis in original) Accordingly, the only limitations on her authority are those provided in § 404.710(6) and (7), and those subsections do not prohibit her, explicitly or implicitly, from filing bankruptcy on the Debtor's behalf. Therefore, Ms. Douglas had

the authority under Missouri law to file bankruptcy on the Debtor's behalf.[1]

MHC relies on *In re Eicholz*, 310 B.R. 203 (W.D. Wash. 2004) in support of its position that an agent cannot file a bankruptcy case on behalf of a principal unless the agent is specifically authorized to do so.[2] The Court declines to follow *Eicholz* for two reasons. First, *Eicholz* relied in part on Washington law which limits the powers of an agent to those enumerated in the document setting forth the agent's authority and prohibits the agent from going beyond or deviating from the express provisions in the authorizing document. *Id*. (citing *Bryant v. Bryant*, 882 P.2d 169 (Wash. 1994)). Missouri law, however, does not contain the same restrictions for attorneys in fact given general powers. Second, to the extent *Eicholz* relies on federal law, *Eicholz* appears to be inconsistent with *Kjellsen*, and *Kjellsen* is binding on this Court.

Therefore, for the reasons stated above, it is

**ORDERED** that MHC's motion to dismiss is DENIED.

**SO ORDERED** this 14th day of September, 2006.

/s/ Jerry W. Venters
HONORABLE JERRY W. VENTERS
UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was mailed
conventionally or electronically to:
Richard V. Fink
Jason C. Amerine
Gregory W. Vleisides

---

[1] The fact that the Debtor is now incompetent does not change this result. A power of attorney is "durable," *i.e.*, survives the maker's incompetence, if it states that it is "durable" and contains a provision stating that the authority of the agent does not terminate if the principal becomes incapacitated. Mo. Rev. Stat. § 404.705(1) and (2). The Debtor's power of attorney meets both of these requirements inasmuch as it is titled "Durable Power of Attorney" and the penultimate paragraph states that the authority of Letitia Douglas shall not terminate upon the Debtor's incapacity.

[2] MHC cites several other cases in its supplemental brief in support of its position, but those cases are not persuasive on this court in light of the mandatory precedent set forth in *Kjellsen*.